IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELLOY DEHOYOS for
NICOLE L. RAO,

      Plaintiff,                    No. CIV S-09-3243 DAD PS

    v.

MICHAEL J. ASTRUE,             ORDER TO SHOW CAUSE
Commissioner of Social Security,

      Defendant.

_____/

        On December 1, 2009, the court issued a scheduling order which required plaintiff to file a motion for summary judgment and/or remand within a required time after being served with a copy of the administrative record.  The required time has now expired, and plaintiff has neither filed a motion for summary judgment and/or remand, nor requested an extension of time to do so.

        This is not the first time the court has issued an order to show cause related to plaintiff's failure to comply with the court's December 1, 2009 orders.  Plaintiff previously delayed this action by two months when she failed to send the required documents to the United States Marshal for service on defendant.  See Order to Show Cause filed January 29, 2010 (Doc. No. 6) & Order filed February 8, 2010 (Doc. No. 9).

1        Plaintiff will be required to show good cause in writing why this case should not be dismissed for failure to file a motion for summary judgment and/or remand within forty-five days after June 4, 2010, when defendant served a copy of the administrative record upon plaintiff by mail.  If plaintiff files a timely and sufficient written response to this order, the court will discharge the order to show cause and grant plaintiff a final 45 days from the date of the discharge order in which to file a motion for summary judgment and/or remand.  Plaintiff is cautioned that any motion she may be permitted to file must comply with the following requirements, which were set forth in the court's Scheduling Order.

> Briefs in support of a motion for summary judgment should contain the following:  (1) a plain description of plaintiff's alleged physical or emotional impairments, when plaintiff contends the impairments became disabling, and how the impairments disable plaintiff from work; (2) a summary of the administrative proceedings before the Commissioner of Social Security; (3) a summary of relevant medical evidence including an explanation of clinical and laboratory findings and the purpose and effect of prescribed medication and therapy; (4) a summary of the relevant testimony at the administrative hearing; (5) a recitation of the Commissioner's findings and conclusions relevant to plaintiff's claims; (6) a short, separate statement of each of plaintiff's legal claims stated in terms of the insufficiency of the evidence to support a particular finding of fact or reliance upon an erroneous legal standard; and (7) argument separately addressing each claimed error. . . .  Failure to organize the brief in this manner may lead to sanctions, including striking of the motion . . . .

(Scheduling Order filed December 1, 2009 (Doc. No. 4) at 2-3.)

        Accordingly, IT IS ORDERED that plaintiff shall show good cause in writing within twenty-one days of the date of this order why this case should not be dismissed for lack of prosecution.  Failure to <u>timely</u> file the required response will result in dismissal of the action.

DATED: July 29, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/dehoyos3243.osc.msj