IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELLOY DEHOYOS<br>for NICOLE L. RAO, | | |
| Plaintiff, | Case No. 2:09-cv-3243 DAD | |
| vs. | | |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | <u>ORDER</u> | |
| Defendant. | | |
| _____/ | | |

Plaintiff Elloy DeHoyos, proceeding pro se, commenced this action by filing a complaint on November 20, 2009. Defendant filed an answer to the complaint and lodged the administrative transcript in June 2010. Plaintiff's motion for remand was filed on October 12, 2010. Three months later, after seeking and obtaining two extensions of time, defendant filed a cross-motion for summary judgment. However, defendant then withdrew that motion three days later and filed a motion to stay the court's scheduling order pending joinder or the substitution of Nicole Rao as the real party in interest in this case. (Doc. No. 32.) That motion is before the court together with plaintiff's request for a thirty-day extension of time to respond to defendant's motion and request for appointment of counsel. (Doc. No. 34.)

/////

BACKGROUND

By the complaint filed November 20, 2009, plaintiff DeHoyos sought judicial review of the Commissioner's final decision denying child's insurance benefits for his stepdaughter, Nicole Rao (Nicole), whose eligibility for such benefits is derived from plaintiff's own wage earner's record and disability. (Compl. (Doc. No. 1) at 1.) Plaintiff alleged that Nicole was eligible for child's benefits commencing on April 1, 2004, but that the application for such benefits was denied on the ground that plaintiff did not provide half of Nicole's support between the dates of April 1, 2003, and March 31, 2004. (Id. at 1-2.) Plaintiff asked the court to grant child's insurance benefits retroactive to the date of initial entitlement or, in the alternative, to remand the case to the Commissioner for reconsideration of the evidence. (Id. at 2.) By the motion for remand filed October 12, 2010, plaintiff requests that this case be remanded for consideration of new evidence and an award of child's insurance benefits. (Pl.'s Mot. for Remand (Doc. No. 21 at 2.)

Defendant requested and was granted two extensions of time to respond to plaintiff's motion for remand. (Doc. Nos. 23-24 & 26-27.) On January 24, 2011, defendant filed a motion for summary judgment. (Doc. No. 28.) As noted above, on January 27, 2011, defendant withdrew that motion for summary judgment and filed the pending motion regarding joinder. (Doc. Nos. 31 & 32.)

DEFENDANT'S MOTION FOR JOINDER

The administrative record lodged by defendant on June 4, 2010, reveals that Nicole was born on July 7, 1990. (Administrative Transcript (Tr.) at 10.) Nicole was a minor during all administrative proceedings related to her claim for child's benefits through the date of the administrative hearing held on February 28, 2006, at which Nicole was represented by counsel. (Tr. at 20, 25-49.) Nicole was still a minor and was still represented by counsel on August 21, 2006, when the administrative law judge issued an unfavorable decision on plaintiff's claim for child's benefits. (Tr. at 20-24.)

1    Nicole attained the age of 18 on July 7, 2008, while her attorney's request for
2 Appeals Council review was pending.  On March 26, 2009, the Appeals Council granted the
3 request for review, advised Nicole by notice addressed to "Elloy Dehoyos for Nicole Rao" that an
4 unfavorable decision was anticipated, and invited submission of more information.  (Tr. 406-13.)
5 More information was provided, and the Appeals Council affirmed the decision of the ALJ
6 denying benefits on August 6, 2009.  (Tr. at 6-17.)  The decision was re-mailed to "Elloy
7 Dehoyos for Ms. Nicole Rao" on September 4, 2009, and plaintiff DeHoyos received the
8 decision on September 8, 2009.  (Compl. (Doc. No. 1) at 2 & 4.)
9    When plaintiff filed this action on November 20, 2009, Nicole was no longer a
10 minor.  Plaintiff had served as Nicole's guardian during the administrative proceedings through
11 the time of the administrative hearing in 2006 and continued to act on Nicole's behalf after her
12 attorney withdrew.  Neither plaintiff nor defendant has suggested that Nicole lacked the legal
13 capacity to proceed on her own behalf in federal court when this action was commenced or that
14 she would require a representative payee if benefits were awarded.
15    The court finds that Nicole is the real party in interest for payment of any benefits
16 that might be awarded on her claim for child's insurance benefits and that she certainly could be
17 joined as a plaintiff in this action.  However, because this action is one for judicial review of an
18 administrative decision on Nicole's derivative claim for benefits, the court finds that Nicole's
19 stepfather is also a proper party in this case as the wage earner whose disability gave rise to
20 Nicole's alleged eligibility for child's insurance benefits.  Elloy DeHoyos filed the application for
21 benefits on Nicole's behalf, and the only issue presented to this court for judicial review is
22 whether Mr. DeHoyos provided more than half of Nicole's support during any applicable time
23 period, an issue that plainly requires information and evidence available only from Mr. DeHoyos.
24    The court notes that the Appeals Council's instructions on how to file a civil
25 action for judicial review are contained in a notice addressed to "Elloy Dehoyos for Ms. Nicole
26 Rao" and advised Nicole through her stepfather that a complaint filed in the United States

1  District Court "should include the Social Security number(s) shown at the top of this letter."
2  (Transcript (Tr.) at 6. At the top of the notice, two Social Security numbers are shown, and those
3  numbers match the Social Security numbers shown in plaintiff's complaint as his own number
4  and Nicole's. (Compl. (Doc. No. 1) at 3-4.) The notice accompanies a copy of the decision of
5  the Appeals Council in the case of Nicole Rao as claimant and Elloy DeHoyos as wage earner on
6  a claim for child's insurance benefits, with each party's Social Security number provided. (Id. at
7  8.) Moreover, the decision of the Appeals Council begins by noting that the case is before the
8  Council "on the wage earner's request for review of the Administrative Law Judge's decision
9  issued on August 21, 2006." (Id.) The Appeals Council "notified Nicole Rao, the wage earner,
10 and their representative of its proposed action" and "received additional information and
11 contentions from the wage earner." (Id.) Thus, the defendant Commissioner plainly regarded
12 Elloy DeHoyos as a party to the proceedings at the administrative level and issued documents
13 that led Mr. DeHoyos, proceeding pro se, to file a complaint for judicial review in which he
14 styled the plaintiff as "Elloy DeHoyos for Nicole L. Rao."

15       Under the circumstances of this case, the court finds that both the claimant, i.e.,
16 Nicole, and the wage earner, i.e., Elloy DeHoyos, were necessary parties in the administrative
17 proceedings and that both are appropriate plaintiffs in this action for judicial review of the final
18 decision of the Commissioner. Accordingly, the court declines to grant defendant's motion to
19 substitute Nicole as plaintiff in place of Elloy DeHoyos. Moreover, while Nicole Rao, as the
20 claimant, appears to be the party who would receive any child's insurance benefits that might be
21 awarded as a result of this action, it is nonetheless Elloy DeHoyos as the wage earner, whose
22 participation in this action is essential in order for the court to review the Commissioner's
23 decision on the issue of whether the wage earner provided half of Nicole's support during a
24 relevant period of time. The court therefore rejects defendant's much belated assertion that the
25 wrong party is named as plaintiff in this case.
26 /////

The court is also unpersuaded by defendant's argument that Nicole must be joined as a party before "any merits briefing" because she "may wish to raise different issues or arguments in her case." (Def't's Mot. to Extend Time & Stay (Doc. No. 32) at 2.) Defendant denied Nicole's claim solely on the ground that her stepfather did not provide half of her support at any relevant time or period of time. Plaintiff DeHoyos has challenged that decision, and the record does not suggest any other issue that could be raised. Plaintiff DeHoyos is the person most knowledgeable regarding his income during the relevant period, and defendant's motion does not suggest that Nicole would be able to contribute any information or argument relevant to the court's judicial review of the defendant Commissioner's decision with respect to that issue.

For these reasons and good cause appearing, defendant's motion to extend time or to stay the court's scheduling order pending will be denied. In addition, plaintiff's motion for extension of time and appointment of counsel will be denied as moot. In the course of considering these two motions, the court has reviewed the parties' pleadings, plaintiff's pro se motion for remand and the cross-motion for summary judgment filed and later withdrawn by defendant. The court deems the action to be submitted to the court without oral argument for ruling on plaintiff's motion for remand. For the reasons explained below, plaintiff's motion is denied.

PLAINTIFF'S MOTION FOR REMAND

The Commissioner's decision regarding a claim will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

1    A reviewing court must consider the record as a whole, weighing both the
2 evidence that supports and the evidence that detracts from the ALJ's conclusion.  See Jones, 760
3 F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum
4 of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If
5 substantial evidence supports the administrative findings, or if there is conflicting evidence
6 supporting a finding , the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d
7 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was
8 applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

9    Plaintiff argues that additional evidence submitted after the Appeals Council
10 issued its decision proves that he provided half of his stepdaughter's support from April 2003
11 through March 2004.  Plaintiff seeks an order remanding this matter for consideration of that
12 additional evidence.  Plaintiff claims the evidence, which is attached to his motion as Exhibits A
13 through E, "was recently discovered."  However, all of the documents submitted by plaintiff bear
14 dates in 2003.

15    To secure a remand for the consideration of additional evidence, a plaintiff must
16 demonstrate that there is "new evidence which is material, and that there is good cause for the
17 failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g).
18 See also Burton v. Heckler, 724 F.2d 1415, 1417 (9th Cir. 1984) ("a remand to the Secretary to
19 consider additional evidence not contained in the administrative record . . . [is] provided for by
20 [42 U.S.C. § 405(g)] where the new evidence is material and there is good cause for the failure to
21 incorporate such evidence in the record in a prior proceeding.").

22    To be deemed material under § 405(g), the evidence must bear "directly and
23 substantially" on the matter in dispute, and there must also be a "reasonable possibility" that the
24 new evidence would have changed the outcome of the administrative hearing.  Mayes v.
25 Massanari, 276 F.3d 453, 462 (9th Cir. 2001); Booz v. Sec'y of Health & Human Servs., 734
26 F.2d 1378, 1380-81 (9th Cir. 1984); Ward v. Schweiker, 686 F.2d 762, 764 (9th Cir. 1982).  To

1  establish good cause for the failure to incorporate such evidence into the record in the prior
2  proceeding, the claimant must demonstrate that the new evidence was unavailable earlier.
3  <u>Mayes</u>, 276 F.3d at 462-63; <u>Key v. Heckler</u>, 754 F.2d 1545, 1551 (9th Cir. 1985).  Thus,

> [a] claimant does not meet the good cause requirement simply by obtaining a more favorable report from an expert witness once his claim is denied.  The claimant must establish good cause for not seeking the expert's opinion prior to the denial of his claim.

7  <u>Clem v. Sullivan</u>, 894 F.2d 328, 332 (9th Cir. 1990) (citations omitted).  In addition, there must
8  be a "reasonable possibility" that the new evidence would have changed the outcome of the
9  administrative hearing for it to be deemed material.
10             In the judgment of this court, that there is not a "reasonable possibility" that the
11 minimally relevant new evidence offered by plaintiff would have changed the outcome of
12 plaintiff's administrative hearing.  Moreover, even if the new evidence submitted to the court by
13 plaintiff were found to meet both prongs of the materiality test, plaintiff has failed to demonstrate
14 good cause for not having offered the evidence earlier.  As noted above, by the dates appearing
15 on the documents themselves, it is apparent that the plaintiff's additional evidence existed in
16 2003.  Because this "new" evidence does not appear to be material and, in any event, because
17 plaintiff has failed to meet the good cause requirement for failure to incorporate such evidence
18 into the record in the prior proceedings, the court denies plaintiff's motion to remand the matter
19 for consideration of new evidence.

                                    CONCLUSION

21        Accordingly, IT IS HEREBY ORDERED that:
22        1. Defendant's January 27, 2011 motion to extend time to join the real party in
23 interest and to stay (Doc. No. 32) is denied;
24        2. Plaintiff's March 1, 2011 motion for extension of time to respond defendant's
25 motion and the included request for appointment of counsel (Doc. No. 34) are denied;
26 /////

3. Plaintiff's motion to remand (Doc. No. 21) is denied; and

4. The Commissioner's decision is affirmed.

DATED: September 30, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/griggs1469.order